Filed 3/20/13  P. v. McClure CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>HOWIE MALONE McCLURE,<br><br>　　　Defendant and Appellant. | F064207 & F064445<br><br>(Super. Ct. Nos. BF136005A & BF138195A)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Charles R. Brehmer, Judge.

Jennifer A. Mannix, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Wanda Hill Rouzan, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]Before Wiseman, Acting P.J., Kane, J. and Peña, J.

Appellant Howie Malone McClure pled no contest to discharging a firearm in a negligent manner (Pen. Code,[1] § 246.3, subd. (a)), and in a separate case he pled no contest to felony failure to appear (§ 1320.5), agreeing to a total term of two years eight months. After entering his plea, appellant obtained new counsel and moved to withdraw his plea, arguing that he received ineffective assistance of counsel in making his decision to plead to the charges. The trial court heard and denied the motion, ultimately sentencing him to two years eight months as provided for in the plea agreement. Appellant, after receiving a certificate of probable cause, filed timely notices of appeal in both cases. This court granted a motion to consolidate both appeals as they arose from a single plea.

On appeal, appellant contends the trial court erred in denying his motion to withdraw his plea. He argues he was provided ineffective assistance of counsel in making his decision to plead because his counsel failed to fully advise him as to the future consequences of a strike conviction. He further argues his plea was not knowingly and intelligently made. We find appellant's contentions lack merit and therefore affirm the judgment.[2]

## FACTUAL AND PROCEDURAL HISTORY

On March 16, 2011, appellant was charged in case No. BF136005A with willfully discharging a firearm in a negligent manner (§ 246.3, subd. (a)). It was further alleged that he personally used a firearm in the commission of the offense. (§ 12022.5, subd. (a).) Appellant posted a bond for the offense on March 31, 2011. On July 13, 2011, appellant failed to appear in court and his bond was forfeited. On August 24, 2011, appellant was charged in case No. BF138195A with felony failure to appear (§ 1320.5)

---

[1]All further references are to the Penal Code unless otherwise indicated.

[2]Appellant additionally argues that this court should allow him to withdraw his plea as to the failure to appear case if this court finds he was entitled to withdraw his plea on the negligent discharge of a firearm case. We need not address this contention as we find no error in the denial of the motion to withdraw the plea on the firearm charge.

and with a special allegation that he committed this offense while on bail for an earlier felony offense (§ 12022.1, subd. (b)). He was subsequently charged with a third felony, this time for possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) in case No. BF138371A. In addition, he was charged with two misdemeanor offenses and another special allegation that he had committed the felony offense while on bail for an earlier felony offense (§ 12022.1, subd. (b)).

On September 21, 2011, appellant entered a no contest plea to the negligent discharge of a firearm charge and the felony failure to appear charge in exchange for a total prison term of two years eight months. The remaining charges and allegations were dismissed as part of the plea agreement. At that hearing, the prosecutor explained appellant was pleading to a strike offense. Appellant stated he understood. In addition, the court further elaborated on the meaning of a strike conviction as follows: "Do you understand that a strike offense would count against you in the future, so if you did receive additional strikes, it requires you to serve more time in custody in regard to credits? Also three strikes, it's 25 to life. [¶] Do you understand that?" Appellant stated he understood. Later in the hearing, appellant replied affirmatively when asked if he understood "the consequences of pleading to a strike as we have discussed." Immediately after this statement, appellant was asked if he had any questions about his plea, and he replied "No." Furthermore, appellant's counsel agreed that he was confident that appellant understood the "consequences of his plea, including the strike issue."

Prior to sentencing, appellant's retained counsel was relieved and the public defender was appointed. Subsequently, appellant moved to withdraw his plea. In his motion, appellant argued that he was provided ineffective assistance of counsel because his attorney failed to explain the exact future consequences of pleading to a strike offense. In a declaration, appellant stated that his counsel did not explain the consequences of having a strike conviction on his record, that he had subsequently learned that a strike conviction would result in the doubling of any future sentence, that

3.

he would be required to serve future sentences at 80 percent, and had he known of these consequences, he would not have entered his plea.

The court heard the motion on January 4, 2012. At the motion, the court reviewed the change of plea transcript, noting that appellant had been advised by both the prosecutor and the court that he was pleading to a strike offense. The court also pointed out appellant had executed a written change of plea form. During the hearing, appellant's prior counsel was asked what advice he had provided to appellant in regard to pleading to a strike. Counsel explained that he advised appellant "that the strike wouldn't affect the sentence on this case; however, any future cases he picked up, the sentences would be enhanced by the strike." Appellant's motion to withdraw his plea was denied and appellant was sentenced to a total term of two years eight months in accordance with his plea agreement.

## DISCUSSION

Section 1018 allows a trial court to grant a defendant's request to withdraw a plea for "good cause shown." Good cause may encompass mistake, ignorance or "any other factor overcoming the exercise of free judgment." (*People v. Cruz* (1974) 12 Cal.3d 562, 566.) A defendant must establish good cause by clear and convincing evidence. (*Ibid*.) The denial of a motion to withdraw a guilty or no contest plea rests within the sound discretion of the trial court and will not be disturbed on appeal absent a showing of a clear abuse of that discretion. (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1254.)

**A.      The Court Did Not Err in Denying Appellant's Motion to Withdraw His Plea**

Appellant claimed in the trial court, as he does here, that his counsel provided ineffective assistance by failing to adequately advise him of the consequences of a strike conviction. He asserts that the failure of his counsel to fully advise him as to all consequences of a strike conviction impacted his decision to enter his plea and that he would not have entered a plea had he been adequately advised. We find the trial court did not abuse its discretion in rejecting this contention.

"Plea bargaining and pleading are critical stages in the criminal process at which a defendant is entitled, under both the Sixth Amendment to the federal Constitution and article I, section 15 of the California Constitution, to the effective assistance of legal counsel. [Citations.] 'It is well settled that where ineffective assistance of counsel results in the defendant's decision to plead guilty, the defendant has suffered a constitutional violation giving rise to a claim for relief from the guilty plea.' [Citations.] [¶] To establish ineffective assistance of counsel under either the federal or state guarantee, a defendant must show that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, and that counsel's deficient performance was prejudicial, i.e., that a reasonable probability exists that, but for counsel's failings, the result would have been more favorable to the defendant. [Citations.]" (*In re Resendiz* (2001) 25 Cal.4th 230, 239, fn. omitted, disapproved on another point in *Padilla v. Kentucky* (2010) 559 U.S. 356; see also *In re Alvernaz* (1992) 2 Cal.4th 924, 934.)

We need not decide whether counsel in this case provided ineffective assistance of counsel as we find appellant has failed to demonstrate any prejudice from the alleged error. (*Strickland v. Washington* (1984) 466 U.S. 668, 697 ["a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies…. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."].) In order to demonstrate prejudice stemming from inadequate representation in advising a defendant to enter a plea, the defendant must establish a reasonable probability that but for the improper advice, he or she would not have pled guilty. (*In re Resendiz*, *supra*, 25 Cal.4th at p. 253.)

A defendant's self-serving assertion that he would not have accepted a proffered plea bargain but would instead have proceeded to trial must be "corroborated independently by objective evidence. A contrary holding would lead to an unchecked flow of easily fabricated claims." (*In re Alvernaz*, *supra*, 2 Cal.4th at p. 938.) Factors to consider in determining whether a defendant would have rejected a plea include: "'whether counsel actually and accurately communicated the offer to the defendant; the advice, if any, given by counsel; the disparity between the terms of the proposed plea

5.

bargain and the probable consequences of proceeding to trial, as viewed at the time of the offer; and whether the defendant indicated he or she was amenable to negotiating a plea bargain.' (*In re Alvernaz*, [*supra*, 2 Cal.4th] at p. 938.)" (*In re Resendiz*, *supra*, 25 Cal.4th at p. 253.)

The question whether it is reasonably probable a defendant would not have pled guilty if properly advised is a factual question. (*People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 210.) Accordingly, on review we apply the substantial evidence rule. (See *People v. Quesada* (1991) 230 Cal.App.3d 525, 533.)[3] "[W]e 'must view the evidence in a light most favorable to respondent and presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence…. If the circumstances reasonably justify the trial court's findings, an appellate court cannot reverse merely because the circumstances might also be reasonably reconciled with a contrary finding.'" (*Ibid.*)

After a review of the record, we find no abuse of discretion in the trial court's rejection of appellant's self-serving statement that he would not have entered his plea had he been advised more fully as to the future consequences of a strike conviction. First, we note the consequences of a strike conviction are speculative as they rest solely upon appellant's decision to commit felony offenses in the future. Second, the record establishes that appellant was advised numerous times that he was, in fact, pleading to a strike offense. In addition, he was informed, at least in a general way, that such a conviction would have an effect on future sentences in terms of enhanced punishment and a limit on the amount of conduct credits he could accrue. The trial court made a general statement that a strike conviction could enhance future sentences, and specifically noted that it would reduce the amount of credit he could accrue. Further, at the hearing to withdraw the plea, appellant's prior counsel stated he had advised appellant "that the strike wouldn't affect the sentence on this case; however, any further cases he picked up,

---

[3]*People v. Quesada* was superseded by statute on grounds not relevant to this discussion.

the sentences would be enhanced by the strike." Considering this record, it is apparent that appellant was advised that future convictions could be enhanced by the plea in the current case.

On appeal, appellant does not seem to dispute that he was advised that a plea to a strike would enhance future sentences in some manner. Rather, he claims that had he known specifically that future felony sentences would be doubled and that he would be subject to the 20 percent conduct credit limitation, it would have affected his decision to enter a plea agreement. However, nothing in the record supports such an assertion. (*In re Resendiz, supra*, 25 Cal.4th at p. 253 [defendant's assertion that "he would not have pled guilty if given competent advice 'must be corroborated independently by objective evidence'"].)

We note that appellant, after being told he was pleading to a strike offense and that offense would "count against [appellant] in the future," stated he had no questions regarding his plea. The fact that appellant had no questions about how the sentence could be enhanced confirms our conclusion that there is no reasonable probability he would have rejected the plea agreement had he been more fully advised as to the consequences of a strike plea. Moreover, appellant was facing significant prison exposure on the charges in this case. As to the negligent discharge of a firearm count, he was facing a maximum of three years.[4] The failure to appear charge exposed him to a separate eight-month term. Furthermore, appellant had the benefit of the dismissal of several other charges and enhancements. The prosecution dismissed a possession of a controlled substance charge as well as the two enhancements for committing new felony offenses while on bail (§ 12022.1). Those charges increased appellant's exposure by another four

---

[4]We note that the section 12022.5 enhancement could not be imposed on that count as the use of a firearm is an essential element of negligent discharge of a firearm. (§ 12022.5, subd. (a); *People v. Hansen* (1994) 9 Cal.4th 300, 317, overruled on another point in *People v. Chun* (2009) 45 Cal.4th 1172, 1199.)

7.

years eight months.[5]  Taking the cases together, appellant risked a total term as high as eight years four months had he chosen to reject the plea agreement and go to trial. Appellant does not argue, nor is there anything in the record that indicates, how he might have avoided convictions on the charges had he gone to trial.  Further, he would have been subject to the exact same strike consequences upon a conviction.  Appellant has offered no explanation as to why he would have pleaded not guilty and run the risk of receiving a considerably higher prison term had he been advised more fully of possible *future* consequence of a strike conviction.  Considering the record as a whole, we find no abuse of direction in the trial court's denial of the motion.  Indeed, it is apparent from the record that there is no reasonable probability that appellant would have rejected the plea agreement had he been more fully advised as to the consequences of a strike plea in this case.

**B.     Appellant's Plea Was Knowingly and Intelligently Made**

To the extent appellant argues that his plea was not knowingly and intelligently made, we reject the contention.

> "When a criminal defendant chooses to plead guilty …, both the United States Supreme Court and [the California Supreme Court] have required that the defendant be advised on the record that, by pleading, the defendant forfeits the constitutional rights to a jury trial, to confront and cross-examine the People's witnesses, and to be free from compelled self-incrimination.  [Citations.]  In addition, [the California Supreme Court] has required, as a judicially declared rule of state criminal procedure, that a pleading defendant also be advised of the direct consequences of his plea.  [Citations.]  If the consequence is only collateral, no advisement is required."  (*People v. Gurule* (2002) 28 Cal.4th 557, 633–634.)

Appellant seems to argue his plea was not knowingly and intelligently made because he was not advised as to the exact future consequences of a strike conviction.  It is well established that failure to advise a defendant about collateral consequences to a plea does not make a plea invalid.  Possible future consequences from a strike conviction

---

[5]We note that each of the section 12022.1 enhancements requires a *consecutive* two-year term.  (§ 12022.1, subd. (b).)

are clearly collateral consequences of a plea.  (See *Hill v. Lockhart* (1985) 474 U.S. 52, 56 [failure to advise  defendant as to parole eligibility date does not make plea involuntary or unintelligent]; *People v. Barella* (1999) 20 Cal.4th 261, 267-272 [defendant not entitled to withdraw plea on basis of failing to be advised as to limits on conduct credits due to three strikes law because it is not a direct consequence of the plea]; *In re Resendiz*, *supra*, 25 Cal.4th at p. 243, fn. 7 [possibility of future use of conviction to enhance a punishment is collateral consequence of plea]; *People v. Bernal* (1994) 22 Cal.App.4th 1455, 1457 [same].)  As appellant has made no argument that he was not advised of any direct consequence of his plea, his claim must fail.[6]

## DISPOSITION

The judgment is affirmed.

---

[6]To the extent appellant argues his plea was not knowing, intelligent or voluntary due to the lack of advice from counsel regarding the strike issue, we reject the claim for the reasons stated in the discussion, *ante*.  (See *Hill v. Lockhart*, *supra*, 474 U.S. at pp. 56-58.)